ELECTRONICALLY FILED - 2020 Oct 01 8:40 AM - KERSHAW - COMMON PLEAS - CASE#2020CP2800850

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>KERSHAW COUNTY | IN THE COURT OF COMMON PLEAS<br>FILE NO: |
| ALLSTATE INSURANCE COMPANY A/S/O PAUL AND MARY HAYES<br><br>     Plaintiff,<br><br>     vs.<br><br>KOHLER CO., LSP PRODUCTS GROUP, INC.<br><br>     Defendants. | **SUMMONS** |

TO THE DEFENDANTS ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint herewith served upon you, which was filed in the Office of the Clerk of Court and to serve a copy of your answer to same upon subscriber at 300 Pettigru Street, Greenville, South Carolina 29601 within (30) days after service hereof, exclusive of the day of such service.  If you fail to answer within that time, the Plaintiff will apply to the Court for relief demanded herein.

.

                                      Respectfully Submitted,

                                      s/ C. Daniel Pruitt
                                      Bar # 66497
                                      Attorney for Plaintiff
                                      300 Pettigru Street
                                      Greenville, South Carolina 29601
                                      (864) 232-4273
                                      danlaw@bellsouth.net

Dated:  October 1, 2020
Greenville, South Carolina

ELECTRONICALLY FILED - 2020 Oct 01 8:40 AM - KERSHAW - COMMON PLEAS - CASE#2020CP2800850

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>KERSHAW COUNTY | IN THE COURT OF COMMON PLEAS<br>FILE NO: |
| ALLSTATE INSURANCE COMPANY A/S/O PAUL AND MARY HAYES<br><br>    Plaintiff,<br><br>  vs.<br><br>KOHLER CO., LSP PRODUCTS GROUP, INC.<br><br>    Defendants. | **COMPLAINT** |

NOW COMES Plaintiff, Allstate Insurance Company, A/S/O Paul and Mary Hayes (hereinafter "Plaintiff" or "Hayes"), by and through undersigned counsel and complaining of the Defendant, Kohler Co. (hereinafter "Defendant" or "Kohler"), Defendant LSP Products Inc., (hereinafter "Defendant" or "LSP"), and alleges and states:

## PARTIES

1. Plaintiff is a foreign corporation authorized to issue property insurance policies in the state of South Carolina and at all times insured a home owned by Paul and Mary Hayes located 1784 Sailing Club Rd, Camden, South Carolina 29020.

2. Plaintiff is informed and believes that Defendant Kohler Co., is incorporated in the State of Wisconsin, with its principal place of business at 444 Highland Drive, Kohler, Wisconsin 53044. Defendant Kohler may be served with process by serving its Registered Agent, Herbert V. Kohler Jr. at the same address.

ELECTRONICALLY FILED - 2020 Oct 01 8:40 AM - KERSHAW - COMMON PLEAS - CASE#2020CP2800850

3. Plaintiff is informed and believes that Defendant LSP Products Group, Inc. is incorporated in the State of Texas with the principal place of business at 2727 Chemsearch Blvd, Irving Texas, 75062. Defendant LSP can be served with process by serving its Registered Agent, Russell Price at the same address.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over Defendants in that Defendants have availed themselves to personal jurisdiction of South Carolina by manufacturing products and placing them in the stream of commerce and which reached a resident of South Carolina. In addition, Plaintiff is informed and believes that Defendant Kohler conducts business in the State of South Carolina.

5. This Court has subject matter jurisdiction in that the subject property is located in Kershaw County and the acts or omissions of the Defendants resulted in damages to property located in Kershaw County. The amount in controversy is in excess of $7,500.

6. Venue is proper in this Court in that Kershaw County is the county which has the most substantial part of the alleged acts or omissions giving rise to this cause of action occurred and, upon information and belief, the Defendants conducted or conduct business in Kershaw County, South Carolina.

## COMMON FACTS

7. At all times relevant hereto, Plaintiff insured Paul and Mary Hayes (hereinafter "Insured" or "Hayes"), owned a residence located at 1784 Sailing Club Rd., Camden SC  29020 (hereinafter "Property" or "Home").

8. Plaintiff issued a policy of insurance ("Policy") to Hayes for the Property and contents therein. Pursuant to the terms of the Policy, Allstate is contractually and equitably subrogated to the rights of Hayes.

9. On or about September 5, 2019 a water supply line ("Water Supply Line") burst under a sink in the Home and released water causing water damages to the interior of the Home.

10. Plaintiff is informed and believes that the Water Supply Line released the water due to a rupture of the inner elastomeric hose which accumulated minerals and salts and was not able to withstand the standard water pressure resulting in an uncontrolled release of water. ("defect").

11. Plaintiff is informed and believes and thereupon alleges that the Water Supply Line was sold with a faucet sold and or manufactured by Defendant Kohler.

12. Plaintiff is informed and believes that Water Supply Line was sold and or manufactured by Defendant LSP and supplied to Defendant Kohler.

13. Pursuant to the terms of the Policy, Plaintiff paid Hayes in excess of $7,500.00 for the damages incurred.

14. As a direct and proximate result of the acts and omissions of Defendants as alleged herein, Plaintiff suffered damages in excess of $7,500.00.

## COUNT I - NEGLIGENCE AGAINST DEFENDANTS LSP PRODUCTS AND KOHLER CO.

15. Plaintiff hereby incorporates paragraphs 1 through 14 as if fully stated herein. Defendants owed a duty of care to Hayes to manufacture and or sell a Water Supply Line that would not fail and cause damage to the subject Property.

ELECTRONICALLY FILED - 2020 Oct 01 8:40 AM - KERSHAW - COMMON PLEAS - CASE#2020CP2800850

16. Upon information and belief, Defendants breached their duty of care to Hayes by designing, manufacturing, and distributing the Water Supply Line with the above-described defect(s) or other defects which may be discovered in the pendency of this action.

17. Defendants owed a duty of care to Hayes to warn of known defects or conditions in the Water Supply Line which could cause damages.

18. Upon information and belief, Defendants breached thier duty of care to Hayes by designing, manufacturing, and distributing the Water Supply Line with the above-described defect(s) or other defects and failing to warn Hayes of the defects after they became known to Defendants.

19. As a direct and proximate result of Defendants' negligence, Hayes's Property was damaged by water and Plaintiff incurred damages in an amount in excess of $7,500.00.

20. WHEREFORE, Plaintiff requests that this Court enter judgment against the Defendants in an amount in excess of $7,500.00.

## **COUNT II - COUNT FOR BREACH OF EXPRESS WARRANTY AGAINST DEFENDANTS LSP PRODUCTS AND KOHLER**

21. Plaintiff hereby incorporates paragraphs 1 through 20 as if fully stated herein.

22. Defendants negligently manufactured and sold a defective Water Supply Line which caused damages to the subject Property.

23. Plaintiff is informed and believes that in the course of Hayes's purchase of the Water Supply Line from Defendants that Defendants extended to Hayes or former Home owner an express warranty, warranting that the Water Supply Line would be free of defects in materials and/or

ELECTRONICALLY FILED - 2020 Oct 01 8:40 AM - KERSHAW - COMMON PLEAS - CASE#2020CP2800850

ELECTRONICALLY FILED - 2020 Oct 01 8:40 AM - KERSHAW - COMMON PLEAS - CASE#2020CP2800850

manufacturing and/or would be merchantable and/or fit for the particular purpose for which it was sold, and Hayes reasonably relied upon such warranty.

24. The water damage was the result of a defect of the Water Supply Line in the course of its ordinary use.

25. The Water Supply Line contained these defect(s) when it left Defendants' possession and control.

26. Hayes used the Water Supply Line for its intended purpose and/or for a purpose that was reasonably foreseeable by Defendants.

27. Defendants breached their express warranty to Hayes by supplying Hayes with a defective Water Supply Line as described herein.

28. As a direct and proximate result of the breach of express warranty set forth above, Plaintiff suffered damages in excess of $7,500.00.

29. WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants for an amount in excess of $7,500.00.

## COUNT III - COUNT FOR BREACH OF IMPLIED WARRANTY AGAINST DEFENDANTS LSP PRODUCTS AND KOHLER

30. Plaintiff hereby incorporates paragraphs 1 through 30 as if fully stated herein.

31. Defendants manufactured and sold a defective Water Supply Line which caused damages to the subject Property.

32. Plaintiff is informed and believes that in the course of Hayes's purchase of the Water Supply Line from Defendants, Defendants extended to Hayes of former Home owner an implied warranty, warranting that the Water Supply Line would be free of defects in materials and/or

the manufacturing process and/or would be merchantable and/or fit for the particular purpose for which it was sold, and Hayes reasonably relied upon such warranty.

33. The water damage was the result of a defect in the Water Supply Line in the course of its ordinary use.

34. The Water Supply Line contained faulty materials or was improperly manufactured or had other defects such that it failed.

35. The Water Supply Line contained the Defect(s) when it left the Defendants' possession and control.

36. Hayes used the Water Supply Line for its intended purpose and/or for a purpose that was reasonably foreseeable by Defendants.

37. Defendants breached the above warranties by supplying Hayes with a defective Water Supply Line as described herein.

38. As a direct and proximate result of the breaches of warranty set forth above, Plaintiff suffered damages in excess of $7,500.00.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants for an amount in excess of $7,500.00.

### COUNT IV- COUNT FOR FAILURE TO WARN

39. Plaintiff hereby incorporates paragraphs 1 through 39 as if fully stated herein.

40. Defendants manufactured, sold and distributed the Water Supply Line and placed it into the stream of commerce.

41. Plaintiff is informed and believes that in the course of Hayes' purchase or former Home owner's purhcase of the Water Supply Line from Defendants, the Defendants failed to warn

ELECTRONICALLY FILED - 2020 Oct 01 8:40 AM - KERSHAW - COMMON PLEAS - CASE#2020CP2800850

ELECTRONICALLY FILED - 2020 Oct 01 8:40 AM - KERSHAW - COMMON PLEAS - CASE#2020CP2800850

consumers that the Water Supply Line could fail for a variety of defects and or reasons and cause property damages.

42. In addition, Plaintiff is informed and believes and thereupon alleges that prior to the subject incident that Defendants knew or should have known that the Water Supply Line had the subject defect because it was on notice of other similar failures and that Defendants failed to notify consumers like the Hayes that the Water Supply Line could suffer corrosion and not be able to withstand standard water pressure and cause water damages.

43. As a direct and proximate result of these failures to warn and others which might be discovered during the pendency of this action, Plaintiff suffered damages in excess of $7,500.00.

44. WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants for an amount in excess of $7,500.00.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants on all and any counts as set forth above for:

(a) An amount in excess of $7,500.00;

(b) Such other incidental and consequential damages as may be proven at Trial;

(c) For pre-verdict interest and/or post-verdict interest as allowed by law;

(d) For costs allowed by law;

(e) For attorney's fees allowed by law;

(f) For any other fees allowed by law; and

ELECTRONICALLY FILED - 2020 Oct 01 8:40 AM - KERSHAW - COMMON PLEAS - CASE#2020CP2800850

(g) For such other and further relief as the Court deems just and proper.

                                                Respectfully Submitted,

                                                s/ C. Daniel Pruitt
                                                Bar # 66497
                                                Attorney for Plaintiff
                                                300 Pettigru Street
                                                Greenville, South Carolina 29601
                                                (864) 232-4273
                                                danlaw@bellsouth.net

Dated: October 1, 2020
Greenville, South Carolina