# IN THE COURT OF COMMON PLEAS
# FOR KERSHAW COUNTY, SOUTH CAROLINA

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY A/S/O PAUL AND MARY HAYES, | : : : | |
| Plaintiff, | : : | |
| vs. | : : | Case No. 2020-CP-28-00850 |
| KOHLER CO. and LSP PRODUCTS GROUP, INC. | : : : | **ANSWER AND AFFIRMATIVE DEFENSES** |
| Defendants | : : | |

Defendant, LSP Products Group, Inc. ("LSP"), through counsel and pursuant to applicable law, hereby Answers the Complaint herein and asserts its Affirmative Defenses as follows:

1. LSP is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint. Accordingly, it denies such allegations.

2. LSP is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint. Accordingly, it denies such allegations.

3. LSP is a Nevada corporation and therefore denies the allegations in Paragraph 3 of the Complaint which inconsistent with that fact. LSP admits that it has offices in Irving, Texas and has been served.

4. The allegations contained in Paragraph 4 of the Complaint constitute a legal conclusion, to which no response is required. To the extent necessary, all of said allegations are hereby denied by LSP.

1

ELECTRONICALLY FILED - 2021 Jan 12 11:16 AM - KERSHAW - COMMON PLEAS - CASE#2020CP2800850

5.  The allegations contained in Paragraph 5 of the Complaint constitute a legal conclusion, to which no response is required. To the extent necessary, all of said allegations are hereby denied by LSP.

6.  The allegations contained in Paragraph 6 of the Complaint constitute a legal conclusion, to which no response is required. To the extent necessary, all of said allegations are hereby denied by LSP.

7.  LSP is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint. Accordingly, it denies such allegations.

8.  LSP is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint. Accordingly, it denies such allegations.

9.  LSP is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint. Accordingly, it denies such allegations.

10. LSP is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint. Accordingly, it denies such allegations.

11. LSP is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint. Accordingly, it denies such allegations.

12. LSP is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint. Accordingly, it denies such allegations.

13. LSP is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint. LSP has not been furnished a copy of the subject insurance policy. However, LSP is aware that Allstate insurance policies customarily exclude losses incident to the neglect of the insured as well as losses arising from corrosion, rust and deterioration. Accordingly, it denies such allegations.

14. The allegations contained in Paragraph 14 of the Complaint constitute a legal conclusion, to which no response is required. To the extent necessary, all of said allegations are hereby denied by LSP.

## COUNT I – NEGLIGENCE AGAINST DEFENDANTS LSP PRODUCTS AND KOHLER CO.

15. As to the first sentence set forth in Paragraph 15 of the Complaint, LSP restates and incorporates the allegations of Paragraphs 1 through 14 of this Answer as if fully set forth herein. The remaining allegations contained in Paragraph 15 of the Complaint constitute a legal conclusion, to which no response is required. To the extent necessary, all of said allegations are hereby denied by LSP.

16. LSP denies the allegations contained in Paragraph 16 of the Complaint and demands strict proof thereof.

17. The allegations contained in Paragraph 17 of the Complaint constitute a legal conclusion, to which no response is required. To the extent necessary, all of said allegations are hereby denied by LSP.

ELECTRONICALLY FILED - 2021 Jan 12 11:16 AM - KERSHAW - COMMON PLEAS - CASE#2020CP2800850

ELECTRONICALLY FILED - 2021 Jan 12 11:16 AM - KERSHAW - COMMON PLEAS - CASE#2020CP2800850

18. LSP denies the allegations contained in Paragraph 18 of the Complaint and demands strict proof thereof.

19. LSP denies the allegations contained in Paragraph 19 of the Complaint and demands strict proof thereof.

20. As to the allegations contained in Paragraph 20 of the Complaint, LSP denies that Plaintiff is entitled to any relief whatsoever.

COUNT II – COUNT FOR BREACH OF EXPRESS WARRANTY AGAINST DEFENDANTS LSP PRODUCTS AND KOHLER

21. As to the allegations contained in Paragraph 21 of the Complaint, LSP restates and incorporates the allegations of Paragraphs 1 through 20 of this Answer as if fully set forth herein.

22. LSP denies the allegations contained in Paragraph 22 of the Complaint and demands strict proof thereof.

23. The allegations contained in Paragraph 23 of the Complaint constitute a legal conclusion, to which no response is required. To the extent necessary, all of said allegations are hereby denied by LSP.

24. LSP denies the allegations contained in Paragraph 24 of the Complaint and demands strict proof thereof.

25. LSP denies the allegations contained in Paragraph 25 of the Complaint and demands strict proof thereof.

26. LSP denies the allegations contained in Paragraph 26 of the Complaint and demands strict proof thereof.

27. LSP denies the allegations contained in Paragraph 27 of the Complaint and demands strict proof thereof.

28. LSP denies the allegations contained in Paragraph 28 of the Complaint and demands strict proof thereof.

29. As to the allegations contained in Paragraph 29 of the Complaint, LSP denies that Plaintiff is entitled to any relief whatsoever.

COUNT III – COUNT FOR BREACH OF IMPLIED WARRANTY AGAINST DEFENDANTS LSP PRODUCTS AND KOHLER

30. As to the allegations contained in Paragraph 30 of the Complaint, LSP restates and incorporates the allegations of Paragraphs 1 through 29 of this Answer as if fully set forth herein.

31. LSP denies the allegations contained in Paragraph 30 of the Complaint and demands strict proof thereof.

32. The allegations contained in Paragraph 32 of the Complaint constitute a legal conclusion, to which no response is required. To the extent necessary, all of said allegations are hereby denied by LSP.

33. LSP denies the allegations contained in Paragraph 33 of the Complaint and demands strict proof thereof.

34. LSP denies the allegations contained in Paragraph 34 of the Complaint and demands strict proof thereof.

35. LSP denies the allegations contained in Paragraph 35 of the Complaint and demands strict proof thereof.

36. LSP denies the allegations contained in Paragraph 36 of the Complaint and demands strict proof thereof.

37. LSP denies the allegations contained in Paragraph 37 of the Complaint and demands strict proof thereof.

ELECTRONICALLY FILED - 2021 Jan 12 11:16 AM - KERSHAW - COMMON PLEAS - CASE#2020CP2800850

38. LSP denies the allegations contained in Paragraph 38 of the Complaint and demands strict proof thereof.

38a. As to the unnumbered Paragraph starting with the word "WHEREFORE" that is between Paragraphs 38 and 39 in the Complaint, LSP denies that Plaintiff is entitled to any relief whatsoever.

COUNT IV – COUNT FOR FAILURE TO WARN

39. As to the allegations contained in Paragraph 39 of the Complaint, LSP restates and incorporates the allegations of Paragraphs 1 through 38a of this Answer as if fully set forth herein.

40. LSP is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint. Accordingly, it denies such allegations.

41. LSP denies the allegations contained in Paragraph 41 of the Complaint and demands strict proof thereof.

42. LSP denies the allegations contained in Paragraph 42 of the Complaint and demands strict proof thereof.

43. LSP denies the allegations contained in Paragraph 43 of the Complaint and demands strict proof thereof.

44. As to the allegations contained in Paragraph 44 of the Complaint, LSP denies that Plaintiff is entitled to any relief whatsoever.

45. All prayers for relief contained in the Complaint are hereby denied.

46. All allegations of the Complaint not specifically admitted herein are hereby denied.

ELECTRONICALLY FILED - 2021 Jan 12 11:16 AM - KERSHAW - COMMON PLEAS - CASE#2020CP2800850

ELECTRONICALLY FILED - 2021 Jan 12 11:16 AM - KERSHAW - COMMON PLEAS - CASE#2020CP2800850

## AFFIRMATIVE DEFENSES

a. One or more of Plaintiff's causes of action fails to state facts sufficient to constitute a cause of action against LSP. Accordingly, one or more causes of action should be dismissed pursuant to SCRCP 12(b)(6).

b. That, even if LSP was negligent, as alleged in the Complaint, which is specifically denied, Plaintiff's insured's contributory negligence, comparative negligence, carelessness, recklessness, willfulness, and wantonness should reduce Plaintiff's recovery under the doctrine of comparative negligence should same be deemed to constitute 50% or less of the negligence which caused the alleged damage or should bar Plaintiff's recovery in its entirety should it be deemed to constitute greater than 50% of the negligence which caused the alleged damage.

c. That the damage allegedly suffered by Plaintiff's insured, if any, was due to, and caused by, and was the proximate result of, the intervening and superseding negligence, willfulness, wantonness, and recklessness of Plaintiff's insured and/or others, and as such constitutes a complete defense to Plaintiff's claims.

d. Any damages sustained by Plaintiff's insured were due to and caused by the sole and negligent acts or omissions of some person or persons other than LSP over whom LSP exercised no authority or control, for which reason LSP is not liable to Plaintiff in any sum whatsoever.

e. Plaintiff's alleged damages were the result of misuse and/or abuse of the related product thereby precluding recovery against LSP as a matter of law.

f. Upon information and belief, at the time of the Plaintiff's insured's alleged damages, the related product was not in essentially the same condition as when it left the control of LSP.

g.      LSP had no actual and/or constructive notice/knowledge of any alleged defective/ deficient condition that allegedly caused Plaintiff's alleged damages (the existence of which is specifically denied).

h.      Assuming, without admitting, that LSP manufactured the "Water Supply Line" to which Plaintiff refers in its Complaint, LSP alleges at the time the "Water Supply Line" left its control, LSP did not know, and (in light of then-existing reasonably available scientific and technological knowledge) could not have known, of any design characteristic that might have caused the damage of which Plaintiff complains, or the danger of any such characteristic.

i.      Assuming, without admitting, that LSP manufactured the "Water Supply Line" to which Plaintiff refers in the Complaint, the "Water Supply Line" and the warnings accompanying the "Water Supply Line," conformed to state-of-the-art for the design, manufacture, marketing, sale, and labeling for such products.

j.      The damages allegedly sustained by Plaintiff's insured may have been caused, in whole or in part, by pre-existing or subsequent conditions, for which LSP has no legal responsibility.

k.      The alleged damages, if any, referred to in the Complaint shall be diminished, reduced, and/or barred for the reason that the Plaintiff or its insured failed and/or refused to exercise reasonable diligence to mitigate the alleged damages.

l.      By virtue of the Plaintiff's insured's careless, negligent and/or other wrongful conduct, the Plaintiff should be barred from recovering against LSP by the equitable doctrine of unclean hands.

ELECTRONICALLY FILED - 2021 Jan 12 11:16 AM - KERSHAW - COMMON PLEAS - CASE#2020CP2800850

ELECTRONICALLY FILED - 2021 Jan 12 11:16 AM - KERSHAW - COMMON PLEAS - CASE#2020CP2800850

m.     The Plaintiff unreasonably delayed in bringing his Complaint without good cause and has thereby prejudiced LSP. As a direct and proximate result thereof, the Complaint and the prayer for relief contained therein is barred by the equitable doctrine of laches.

n.     By reason of the acts, omissions, or other conduct of its insured, the Plaintiff should be deemed to have waived, is estopped, and/or is otherwise precluded from recovery against LSP for the damages, if any, alleged in the Complaint.

o.     The warranties, if any, applicable to the subject product specifically exclude the type of damages of which the Plaintiff now seeks. Any warranty claim asserted by Plaintiff is barred by the statute of limitations.

p.     The Plaintiff's damages, if any, proximately resulted from the use of the related product in question by its insured in an unintended and abnormal manner and not from any defect of said product or any of its components.

q.     If there was any defect in the product referred to in the Complaint, said defect was caused by the misuse, abuse, change, modification, improper installation, improper maintenance or monitoring, and/or alteration by others of the applicable product, including the Plaintiff's insured and other third parties. Said damages, if any, were caused by such misuse, change, alteration, improper installation, lack of maintenance or monitoring, and/or modification.

r.     The scope of liability, if any, alleged by the Plaintiff with respect to express and implied warranties is expressly limited by any written limited warranty.

s.     The Plaintiff failed to provide adequate and timely notice of any breach of any warranty, thus barring any recovery against LSP.

t.     The product which is the subject of the Plaintiff's lawsuit herein fully conformed to any alleged warranties made by LSP.

9

u. The actions of Plaintiff's insured relative to the subject product have implicated certain portions of the Exclusions provisions contained in any written warranty relative to said product, thus barring any recovery against LSP.

v. The Plaintiff's insured accepted the related goods, and therefore, pursuant to certain provisions of the *South Carolina Code Annotated* § 36-2-101, *et seq.*, may not seek recovery.

w. The subject loss was expressly excluded in the Allstate insurance policy under which it was voluntarily paid. Plaintiff is not legally subrogated and does not have standing to assert this action.

x. LSP reserves any additional affirmative defenses as may be revealed or become available to it during the course of its investigation and/or discovery in this case and are consistent with the South Carolina Rules of Civil Procedure.

WHEREFORE, premises considered, LSP respectfully requests that:

i. The Court dismiss the Plaintiff's Complaint with prejudice;

ii. It be awarded its reasonable expenses, including any attorney's fee, incurred in defending against this action;

iii. Costs be taxed to the Plaintiff; and

iv. Such other and further relief to which the Court deems it entitled.

[Signature on following page]

ELECTRONICALLY FILED - 2021 Jan 12 11:16 AM - KERSHAW - COMMON PLEAS - CASE#2020CP2800850

ELECTRONICALLY FILED - 2021 Jan 12 11:16 AM - KERSHAW - COMMON PLEAS - CASE#2020CP2800850

Respectfully submitted,

   */s/ Brent B. Young*
Brent B. Young (SC Bar No. 74173)
Baker, Donelson, Bearman,
 Caldwell & Berkowitz, PC
P.O. Box 3038
Johnson City, TN 37602
(423) 928-0181
fax: (423) 979-7654
byoung@bakerdonelson.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that an exact copy of the foregoing Answer and Affirmative Defenses was served upon the following counsel of record through the Court's electronic filing system.

This 12th day of January, 2021.

   */s/ Brent B. Young*
Brent B. Young (SC Bar No. 74173)
Baker, Donelson, Bearman,
 Caldwell & Berkowitz, PC
P.O. Box 3038
Johnson City, TN 37602
(423) 928-0181
fax: (423) 979-7654
byoung@bakerdonelson.com